AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| United States of America | ) | |
| v. | ) | |
| Jeffrey Centeno BELL | ) | Case No.  11-8109-AEV |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

FILED by ___ D.C.

APR 1 2 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____8/12/06, 4/15/07, 3/24/11____ in the county of _____Palm Beach_____ in the

___Southern___ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(a)(6), 922(j) | The defendant did Make Knowing False Statements to a Federally Licensed Firearms Dealer in Connection With Acquisition of Firearms, and Knowingly Disposing of a Firearm to a Convicted Felon, and |
| 18 U.S.C. § 3 | Accessory After the Fact to violations of 18 U.S.C. §  922(g)(1), 924(c) and 21 U.S.C. § 841(a)(1). |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
_Complainant's signature_

ATF TFO Troy L. Raines
_Printed name and title_

Sworn to before me and signed in my presence.

Date:    ____04/12/2011____

_____
_Judge's signature_

City and state:    ____West Palm Beach, Florida____

U.S. Magistrate Judge Ann E. Vitunac
_Printed name and title_

## AFFIDAVIT
Case No. 11-8109-AEV

Your affiant, Troy L. Raines, first being duly sworn, does hereby depose and state as follows:

1.      Your affiant has been a police officer for over seventeen years. Your affiant was employed as a certified Police Officer from January 1994 to August 2001 with the Salisbury Police Department Salisbury, MD. Your affiant has been employed as a certified Police Officer since August 2001 until present with the Boynton Beach Police Department, Boynton Beach, FL. During this tenure, your affiant has been involved in patrol operations, street crimes units, and Detective Bureau. Your affiant has been involved in several investigations involving violent crimes as an investigator in Maryland and Florida, several of which resulted in successful convictions. Your affiant has been involved in the writing and execution of over fifty search and seizure warrants for narcotics, and other items related to violent crimes. Your affiant has received numerous hours of training in Homicide Investigations, Narcotics Investigations, Street Gang investigations, Investigative Interviewing Procedures. Since September 2006, your affiant has been assigned to the Palm Beach County Sheriff's/Violent Crimes Task Force/Gang Unit. Your affiant was deputized as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in December 2009. Your affiant's responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 18 United States Code, Chapter 44). This affidavit is based upon your affiant's personal knowledge, review of reports, and information obtained from other law enforcement officials and civilians.

2.      This affidavit is submitted for the limited purpose of establishing probable cause to charge JEFFREY CENTENO BELL with Making Knowingly False Statements to a Federally Licensed Firearms Dealer in Connection With Acquisition of Firearms, and Knowingly Disposing of a Firearm to a Convicted Felon, in violation of Title 18, United States Code, Sections 922(a)(6), 922(j) and 924(a)(2), respectively, and Accessory After the Fact to violations of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 924(c), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), in violation of Title 18, United States Code, Section 3. As such, it does not purport to contain every fact of this investigation known to me. At all times material hereto, your affiant is aware that BELL resided in Palm Beach County, Southern District of Florida.

3.      In October 2010, your affiant began in investigation into the criminal activities of Brian M. Yeary for Felon in Possession of Firearms and narcotic violations. During this investigation, Yeary was indicted for multiple counts of firearm possessions to include the possession of a Taurus Millennium PT111 9mm handgun, which was recovered during a search warrant at 991 15th Terrace Stuart, Florida, on June 16, 2008, and held in evidence at the Martin County Sheriff's Office. Your affiant is personally aware from Certified Palm Beach County Circuit Court (PBCCC) records that all times material hereto, Brian M. Yeary was a convicted felon, having sustained at least the following felony convictions prior to August 12, 2006: May 17, 2002 - Grand Theft Auto and Battery on Police Officer, PBCCC Case No. 99-10644; July 8, 2002 - Possession of Cocaine, PBCCC Case No. 02-2049CFA02; and, May 2, 2006 - Fleeing or Attempting to Elude Police, PBCCC Case No. 06CF4043A02.

4.      Your affiant is further aware from police reports that Yeary was found in possession of a Keltec PLR16 .223 caliber semi-automatic pistol when he was arrested by

-2-

Boynton Beach Police Officers on August 10, 2007. A trace of the aforementioned Keltec PLR16 determined it has been purchased by JEFFREY CENTENO BELL utilizing his Florida Driver License and Florida Concealed Weapon License on August 12, 2006, from I.N.J. Enterprises, Inc., a federally licensed firearms dealer, doing business as "Gun Country." Your affiant is aware that federal law requires a federally licensed firearm dealer to have a person receiving or taking possession of a firearm from the dealer to fill out ATF Form 4473 (Firearms Transaction Record) before the firearm can be transferred, to establish that the buyer of the firearm is legally permitted to possess and/or receive firearms. Your affiant obtained a copy of the ATF Form 4473 for BELL's aforementioned transaction on August 12, 2006, which includes Questions 11a: "Are you the actual buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**" BELL answered "Yes" to this question.

     5.     A trace was similarly conducted on the Taurus Millennium PT111 9mm handgun recovered from convicted felon Yeary on June 16, 2008, which revealed that the Taurus firearm was purchased by defendant, JEFFREY CENTENO BELL, on April 15, 2007, in West Palm Beach, Palm Beach County, Southern District of Florida, utilizing his Florida Driver License and Florida Concealed Weapon License, from I.N.J. Enterprises, Inc., a federally licensed firearms dealer, doing business as "Gun Country." Your affiant obtained a copy of the ATF Form 4473 for BELL's aforementioned April 15, 2007, transaction and noted that BELL again answered "Yes" in response to Questions 11a: "Are you the actual buyer of the firearm(s) listed on this form?"

-3-

6.     In March, 2011, your affiant was continuing his investigation into Brian Yeary and requested a copy of his visitation register from the St. Lucie County Jail, where Yeary was being housed at the time.  TFO Raines received a copy of this register and it showed that Yeary had listed Jeff BELL on his visitation roster.  On March 24, 2011, BELL went to the Martin County Sheriff's Office and filled out a "Property/Evidence Return Request" attempting to gain possession of the Taurus Millennium PT111 9mm handgun and a Sony digital camera all taken during the search warrant in Stuart, Florida.  It should be noted that BELL was not present at the time of this search warrant, and did not live at the residence where the search warrant was executed.  It had also been approximately four years since BELL had purchased this firearm and almost three years since it was recovered with Brian Yeary.  It should further be noted that both photographs obtained from the aforementioned Sony camera pursuant to a search warrant, and the Taurus PT111 pistol are material items of evidence in Yeary's pending federal trial.

7.     In March 2011, your affiant participated in obtaining a sworn statement from a witness who knew both Yeary and BELL.  The witness stated that Yeary and BELL were/are friends and that they would go to the gun shows so BELL could purchase firearms for Yeary, since BELL knew Yeary was a convicted felon.  The witness had personal knowledge that Yeary was with BELL at the South Florida Fairgrounds gun show in April 2007, when Yeary gave BELL the money to purchase two Taurus handguns, one of those being the one that was recovered on June 16, 2008.

8.     On February 3, 2011, a Superseding Indictment was returned against Brian Yeary in Case No. 10-80159-Cr-MARRA/HOPKINS(s), charging the defendant in Counts1-4 with offenses occurring on or about June 16, 2008, in Martin County, Southern District of Florida. Counts 1 and 2 charged Yeary with Possession With Intent to Distribute (PWID) Cocaine, and

PWID Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D), respectively  Count 3 charged Yeary with Possession of the Taurus Model PT111 9 mm semi-automatic pistol (purchased by BELL for Yeary) in Furtherance of a Drug Trafficking Crime, as set forth in Counts 1 or 2, in violation of 18 U.S.C. § 924(c).  Count 4 charged Yeary with Felon in Possession of the aforementioned Taurus Model PT111 pistol, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).  As such, your affiant is aware that said  Taurus Model PT111 pistol constituted material evidence of the aforementioned violations, in sustaining the aforementioned charges.  Your affiant is also aware that Yeary was given notice of the pendency of federal charges concerning the Martin County on June 16, 2008, as least as early as late-December, 2010, because the police reports and search warrant for that incident were sent to his then-defense counsel, Scott Skier, Esq., as part of the Government's Response to the Standing Discovery Order, filed, and mailed to defense counsel or or about December 10, 2010.

9.      In April, 2011, your affiant obtained recorded jail telephone conversations of Brian Yeary at the Palm Beach County Jail where he resided in pretrial detention.  The following conversation was recorded on January 25, 2011, at approximately 7:32 p.m.  Your affiant notes that he has personally spoken to both Yeary and Bell, and recognized both persons' voices[1]:

Call 1-25-11 1932 hrs

| | |
|---|---|
| Jeffrey Bell (JB): | Whats up man? |
| Brian Yeary (BY): | What going on dawg? |
| JB: | Like yesterday dude it was all bad timing, my bad dude. |
| BY: | Naww…man my lawyer came to see me and I was freaking out and I got |

---

[1] Your affiant notes that only pertinent excerpts of the recorded jail conversations are set forth herein.  The foregoing is not intended to be a complete transcript of the entire conversation.

|       | really bad news. |
|-------|-----------------|
| JB:   | About you getting the 20 years? |
| BY:   | What did you talk to Carmen? |
| JB:   | Yeah |
| BY:   | Ah shit, you ain't talk to Lindsey..yeah Carmen...yeah my lawyer just came back and I was in the law book and fucking came I was in the law book and I found a loop hole. Like I might be able to – I don't know – cause like -- |
| JB:   | What are the charges on you? |
| BY:   | The shit ...man the all the fucking shit that happened on house arrest dawg. But they say if I don't take the deal that they are going to pick up the charges from Martin. |
| JB:   | Yeah, but what happened in Martin is not a big deal is it or what? |
| BY:   | Hell yeah it is bro, they found...man it's just.... |
| JB:   | Yeah, I know what you mean man. |
| BY:   | And it sucks man because you remember you were drunk that night and you left your fucking Cadillac and your fucking piece [gun] there. |
| JB:   | Yeah, I know. |
| BY:   | They are trying to say...I don't know that it is mine though |
| JB:   | Can I still get my gun back? It's probably like gone by now huh. |
| BY:   | I don't know....you can call and ask though. |
| JB:   | Yeah |
| BY:   | You can call and tell them you were drunk |
| JB:   | Yeah, I heard that once they have a gun they only keep it for like 2 months. |
| BY:   | No, but they still have it because it is a fucking open case and they can't get rid of it. <u>But actually if they did get rid of it that would be great for</u> |

<u>me, so if you call up there and find out that would be great dawg because</u>
<u>that would take a lot off of my shoulders.</u>

JB:             Yeah, I will probably go with Mike or something

BY:             Well I wouldn't drive up there..I would just call and ask. Before you drive
                and waste all of that time driving all the fuck the way up there. But if you
                do decide to go up there let me know because I got a message for you to
                tell fucking Bruce.

JB:             I got his number…no I don't I lost it.

BY:             Well he is not in that house anymore, he is in my house.

(emphasis added)

        10.    On January 28, 2011, the following call was recorded at the Palm Beach County

Jail between Yeary and BELL:

Call # 13 1-28-11 1430 hrs

1:45 mins.

BY:             Did you ever get a chance to call Martin and see about that?

JB:             Call who?

BY:             Martin County?

JB:             Oh no, I been busy….I been working everyday.

BY:             Yeah.

JB:             This is like the only day that I get off early, you know.

BY:             Yeah, for sure.

JB:             I can probably try to call tomorrow and ask them.

BY:             Yeah, don't worry about it because tomorrow your birthday dawg, just
                whenever you get a chance because yeah that might….I really need to
                <u>know. You know what I am saying, because if they don't have it then that</u>
                <u>is good for me, but if they have it and won't give it to you then that is bad</u>
                <u>for me.</u>

-7-

JB:                         Yeah, I will tell them that I left it in my car.

(emphasis added).

     11.    Subsequently, on Tuesday, March 22, 2011, the following call was recorded at

the Palm Beach County Jail between Yeary and BELL:

Call #30 3-22-11 1927 hrs

BY:                         Have you been able to get in touch with Lindsey?

JB:                         No    .

BY:                         Fuck man...dawg, I am going fucking crazy here bro.

JB:                         I was going to go get something Thursday

BY:                         You were going to what?

JB:                         Go to Martin on Thursday [i.e., March 24, 2011]

BY:                         To see me?

JB:                         No no to get that thing

BY:                         Yeah...ok go ahead bro

JB:                         I was trying to take off last week, and they gave Thursday off

BY:                         Alright, see what I was trying to tell the reason I kept calling you and
                         calling you and calling you dawg, was that I was trying to tell you that you
                         don't have to drive up there. I mean unless you want too, I was figuring
                         you could call...you know what I am saying, you can call around and find
                         out who has it, I don't know who has it.

JB:                         Yeah, I just .....checked my messages because I missed a bunch of
                         messages...and one was from some guy named Pete

BY:                         Guy named who?

JB:                         I think it was Pete.

BY:                         Pete?

JB:                     He was from ATF

BY:                     Oh....what...

JB:                     He wanted to talk to me. He said it was very important. I didn't call back
                        man, fuck that.

11.     Your affiant was advised by a Martin County Sheriff's Detective that on March

24, 2011, JEFFREY CENTENO BELL went to the Martin County Sheriff's Office and filled out

a "Property/Evidence Return Request" attempting to gain possession of the Taurus Millennium

PT111 9mm handgun and a Sony digital camera all taken during the search warrant in Stuart,

Florida, on June 16, 2008.  Due to its status as evidence in the pending trial against Yeary,

BELL's request was declined, and your affiant notified.

12.     On the basis of the foregoing facts, your affiant submits that probable cause exists

to charge  to charge JEFFREY CENTENO BELL with Making  Knowingly False Statements to

a Federally Licensed Firearms Dealer in Connection With Acquisition of Firearms, and

Knowingly Disposing of a Firearm to a Convicted Felon, in violation of Title 18, United States

Code, Sections 922(a)(6), 922(j) and 924(a)(2), and Accessory After the Fact to violations of

Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 924(c), and Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(C), in violation of Title 18, United States Code, Section

3 .

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Troy L. Raines
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms
and Explosives

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 12th DAY OF APRIL, 2011,
AT WEST PALM BEACH, FLORIDA.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

-10-

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### No.   11-8109-AEV

**UNITED STATES OF AMERICA**

**vs.**

**JEFFREY CENTENO BELL,**

**Defendant.**

_____/

## CRIMINAL COVER SHEET

1.   Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   _____ Yes   _X_ No

2.   Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   _____ Yes   _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:   _____
JOHN C. McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel:  (561) 820-8711
Fax: (561) 820-8777
John.McMillan@usdoj.gov